# APPENDIX.

## Notes of Cases Not Otherwise Reported

CHARLES C. TAFT COMPANY, Appellant, v. B. BOUNANI & COMPANY and J. E. STOUT, Sheriff.

PROCESS SERVED ON CORPORATION OFFICER: *Waiver of defects-jurisdiction.* Where process served on defendant designated it as a corporation, it was not entitled to restrain the enforcement of a default judgment entered thereon, on the ground that the petition designated it as a co-partnership, issue having been taken on its corporate character in the injunction suit, and plaintiff having failed to prove that it was a corporation at the time the action in which the judgment was rendered was begun.

SAME: *Failure of proof-collateral attack.* Where process designating defendant as a corporation was served on one of its officers, the fact the petition designated it as a co-partnership did not invalidate a default judgment rendered against it, since the notice conferred jurisdiction of the defendant as a corporation, and by failing to appear or assail the pleadings it waived any error therein.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

WEDNESDAY, JANUARY 17, 1900.

ACTION to enjoin collection of judgment. Judgment for defendants. Platintiff appeals.—*Affirmed.*

*Granger & Bennett* for appellant.

*Baily & Ballreich* for appellees.

SHERWIN, J.—September 15, 1897, the defendants herein, B. Bounani & Co., filed a petition in the district court of Polk county, alleging that the C. C. Taft Company was a co-partnership, and indebted to them in the sum of one hundred and fifty dollars. September 17, 1897, an original notice was placed in the hands of the

(739)

sheriff of said county for service, in which B. Bounani & Co. appeared as plaintiffs, and the C. C. Taft Company, "a corporation," was named as defendant. This notice was duly served on W. R. Lewis, who is admitted to have been at the time an officer of the corporation the C. C. Taft Company, plaintiff in the case at bar. No appearance was made to that suit, and judgment by default was rendered in the case. Execution was issued, and the sheriff was about to levy thereunder on the property of this plaintiff, when this action was brought to restrain him from so doing. Plaintiff alleges that at the time it was sued it was a corporation, and that no valid judgment was or could be rendered against it, because it was designated in the petition as a co-partnership. In the eyes of the law, corporations and co-partnerships are both entities. That the notice in question was directed to and served upon the C. C. Taft Company, a corporation, cannot be questioned. Such service gave the court jurisdiction of the defendant named, and it was before the court as a corporation, whether one in fact or not. Default was entered and judgment rendered against the identical entity before the court. If no cause of action was stated against it in the petition, or if its capacity was incorrectly named, it was its duty to appear, and properly assail the pleadings. Failing to do so, it will be held to have waived the error, if any.

Plaintiff cannot have the relief demanded for the further reason that it has not proved that it was a corporation at the time alleged. It is stated in the petition as the ground for relief in this suit, and denied in the answer, but no evidence was offered in support thereof. It was a material allegation of fact, proof of which was necessary to sustain plaintiff's claim, and did not fall within section 3628 of the Code.—Judgment AFFIRMED.

GRANGER, C. J., not sitting.